**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Clarence Bowers, | ) |
| | ) |
| Plaintiff, | ) Case No.: 14 cv 6889 |
| | ) |
| v. | ) Judge John J. Tharp, Jr. |
| | ) |
| Village of Crestwood, Village of Crestwood Detective Sergeants M. Alexander and M. Coutre, Hazel Crest Police Officer Derrick Chambliss, Cook County Sheriff Investigators P. Moriarty, Star No. 142, A. May, Star No. 143, H. Lee, Star No. 139, V. Norton, Star No. 297, T. Meehan, Star No. 539, and R. O'Neil, Star No. 100 | ) **JURY DEMANDED** |
| Defendants. | |

## FIRST AMENDED COMPLAINT

### JURISDICTION AND VENUE

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343, 1331, and 1367.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

### PARTIES

3. At all times herein mentioned, Plaintiff Clarence Bowers ("Bowers") was and is a citizen of the United States, and was within the jurisdiction of this court.

1

4. At all times herein mentioned, Village of Crestwood Detective Sergeant M. Alexander ("Alexander") was employed by the Village of Crestwood Police Department, and was acting under color of state law and as the employee, agent, or representative of the Village of Crestwood Police Department. This Defendant is being sued in his individual capacity.

5. At all times herein mentioned, Village of Crestwood Detective Sergeant M. Coutre ("Coutre") was employed by the Village of Crestwood Police Department, and was acting under color of state law and as the employee, agent, or representative of the Village of Crestwood Police Department. This Defendant is being sued in his individual capacity.

6. At all times herein mentioned, Hazel Crest Police Officer Derrick Chambliss ("Chambliss") was employed by the Village of Hazel Crest Police Department, and was acting under color of state law and as the employee, agent, or representative of the Village of Hazel Crest Police Department. This Defendant is being sued in his individual capacity.

7. At all times herein mentioned, Cook County Investigator P. Moriarty, Star No. 142, ("Moriarty") was employed by the Cook County Sheriff's Department, and was acting under color state law and as the employee, agent, or representative of the Cook County Sheriff's Department. This Defendant is being sued in their individual capacity.

8. At all times herein mentioned, Cook County Investigator A. May, Star No. 143 ("May") was employed by the Cook County Sheriff's Department, and was acting under color of state law and as the employee, agent, or representative of the Cook County Sheriff's Department. This Defendant is being sued in their individual capacity.

9. At all times herein mentioned, Cook County Investigator H. Lee, Star No. 139 ("Lee") was employed by the Cook County Sheriff's Department, and was acting under color of state law and as the employee, agent, or representative of the Cook County Sheriff's Department. This Defendant is being sued in their individual capacity.

10. At all times herein mentioned, Cook County Investigator V. Norton, Star No. 297 ("Norton") was employed by the Cook County Sheriff's Department, and was acting under color of state law and as the employee, agent, or representative of the Cook County Sheriff's Department. This Defendant is being sued in their individual capacity.

11. At all times herein mentioned, Cook County Investigator T. Meehan, Star No. 536 ("Meehan") was employed by the Cook County Sheriff's Department, and was acting under color of state law and as the employee, agent, or representative of the Cook County Sheriff's Department. This Defendant is being sued in their individual capacity.

12. At all times herein mentioned, Cook County Investigator Director R. O'Neil, Star No. 100 ("O'Neil") was employed by the Cook County Sheriff's Department, and was acting under color of state law and as the employee, agent, or representative of the Cook County Sheriff's Department. This Defendant is being sued in their individual capacity.

13. At all times herein mentioned, the Village of Crestwood was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the Village of Crestwood maintained, managed, and/or operated the Village of Crestwood Police Department.

## FACTUAL ALLEGATIONS

14. On or about July 26, 2014 Plaintiff was lawfully in a public place located at or near 77 West 159th Place in Harvey, Illinois, Cook County.

15. The individual defendants drove to where Plaintiff was located and without any legal cause forced Plaintiff out of his vehicle at gun point, handcuffed Plaintiff and shackled his feet. They then forced Plaintiff into a police vehicle. Plaintiff did not consent to being seized.

16. There was no outstanding arrest warrant for Plaintiff.

17. There was no legal cause to seize Plaintiff.

18. Plaintiff was thereby transported to the Village of Crestwood Police Department where he was imprisoned.

19. Plaintiff was released on July 27, 2014 following a day of imprisonment subsequent to his seizure.

20. Plaintiff was released without any charges, criminal or otherwise, filed against him.

21. By reason of the above-described acts and omissions of Defendants, Plaintiff sustained injuries, including but not limited to, humiliation and indignities, and suffered great mental and emotional pain and suffering all to his damage in an amount to be ascertained.

22. The aforementioned acts of defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

23. By reason of the above-described acts and omissions of Defendants, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff

4

requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

## COUNT I
**Plaintiff Against Chambliss and All Unknown Officers for
UNREASONABLE DETENTION and FALSE ARREST**

24. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-three (23) hereat as though fully set forth at this place.

25. By reason of the conduct of Chambliss and all unknown officers Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and/or Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.

26. The arbitrary intrusion by Defendants, into the security and privacy of Plaintiff's person was in violation of Plaintiff's Constitutional Rights and not authorized by law. The Defendants violated the Plaintiff's rights in the following manner: the seizure and detention of Plaintiff was without any legal cause. The foregoing was unnecessary, unreasonable and excessive, and was therefore in violation of Plaintiff's rights. Therefore, the Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT II
**Plaintiff Against Unknown Officers of Crestwood and the Village of Crestwood For
The Supplemental Claim Of FALSE IMPRISONMENT**

27. Plaintiff hereby incorporates and re-alleges paragraphs one (1) through twenty-six (26) hereat as though fully alleged at this place.

28. The Unknown Officers and Village of Crestwood committed the tort of False Imprisonment when they refused to release Plaintiff from custody and when they refused to release Plaintiff from the Crestwood Police Department without any legal cause for this refusal.

29. The Village of Crestwood is liable to Plaintiff for the acts of the Unknown Officers pursuant to the doctrine of *respondeat superior*.

30. As a result of these acts and/or omissions Plaintiff was damaged, and the Unknown Officers, and the Village of Crestwood are liable under the supplemental state law claim of False Imprisonment.

**WHEREFORE**, the Plaintiff, by and through his attorneys, ED FOX & ASSOCIATES, requests judgment as follows against the Defendants, and each of them:

1. That the Defendants be required to pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2. That the Defendants be required to pay Plaintiff's special damages;

3. That the Defendants other than the Village of Crestwood be required to pay Plaintiff's attorneys fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4. That the Defendants other than the Village of Crestwood be required to pay punitive and exemplary damages in a sum to be ascertained;

5. That the Defendants be required to pay Plaintiff's costs of the suit herein incurred; and

6. That Plaintiff have such other and further relief as this Court may deem just and proper.

              BY:    s/Edward M. Fox
                         Edward M. Fox
                         ED FOX & ASSOCIATES
                         Attorneys for Plaintiff
                         300 West Adams
                         Suite 330
                         Chicago, Illinois 60606
                         (312) 345-8877
                         efox@efox-law.com

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

              BY:    s/Edward M. Fox
                         Edward M. Fox
                         ED FOX & ASSOCIATES
                         Attorneys for Plaintiff
                         300 West Adams
                         Suite 330
                         Chicago, Illinois 60606
                         (312) 345-8877
                         efox@efox-law.com