**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| CLARENCE BOWERS, | ) | |
|     Plaintiff, | ) | Case No.: 14-CV-06889 |
| | ) | |
| vs. | ) | Hon. Judge John J. Tharp |
| | ) | Magistrate Judge Susan E. Cox |
| VILLAGE OF CRESTWOOD, et al., | ) | |
|     Defendants. | ) | |

**OFFICER DERRICK CHAMBLISS' ANSWER TO**
**PLAINTIFF'S FIRST AMENDED COMPLAINT**

NOW COMES Defendant OFFICER DERRICK CHAMBLISS ("Officer Chambliss") by and through his attorneys, K. Austin Zimmer and DEL GALDO LAW GROUP, LLC, and answers Plaintiff's First Amended Complaint as follows:

**JURISDICTION AND VENUE**

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343, 1331, and 1367.

**ANSWER:** Officer Chambliss admits the allegations contained in Paragraph 1 of Plaintiff's Amended Complaint.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

**ANSWER:** Officer Chambliss admits the allegations contained in Paragraph 2 of Plaintiff's Amended Complaint.

1

## PARTIES

3. At all times herein mentioned, Plaintiff Clarence Bowers ("Bowers" or "Plaintiff") was and is a citizen of the United States and was within the jurisdiction of this court.

**ANSWER:** Officer Chambliss lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 3. All allegations not specifically admitted are denied.

4. At all times herein mentioned, Village of Crestwood Detective Sergeant M. Alexander ("Alexander") was employed by the Village of Crestwood Police Department, and was acting under color of state law and as the employee, agent, or representative of the Village of Crestwood Police Department. This Defendant is being sued in his individual capacity.

**ANSWER:** Officer Chambliss lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 4. All allegations not specifically admitted are denied.

5. At all times herein mentioned, Village of Crestwood Detective Sergeant M. Coutre ("Coutre") was employed by the Village of Crestwood Police Department, and was acting under color of state law and as the employee, agent, or representative of the Village of Crestwood Police Department. This Defendant is being sued in his individual capacity.

**ANSWER:** Officer Chambliss lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 5. All allegations not specifically admitted are denied.

6. At all times herein mentioned, Hazel Crest Police Officer Derrick Chambliss ("Chambliss") was employed by the Village of Hazel Crest Police Department, and was acting under color of state law and as the employee, agent, or representative of the Village of Hazel Crest Police Department. This Defendant is being sued in his individual capacity.

**ANSWER:** Officer Chambliss admits the allegations contained in Paragraph 6 of Plaintiff's Amended Complaint.

7. At all times herein mentioned, Cook County Investigator P. Moriarty, Star No. 142 ("Moriarty"), was employed by the Cook County Sheriff's Department, and was acting under color state law and as the employee, agent, or representative of the Cook County Sheriff's Department. This Defendant is being sued in their individual capacity.

**ANSWER:** Officer Chambliss lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 7. All allegations not specifically admitted are denied.

8. At all times herein mentioned, Cook County Investigator A. May, Star No. 143 ("May") was employed by the Cook County Sheriff's Department, and was acting under color of state law and as the employee, agent, or representative of the Cook County Sheriff's Department. This Defendant is being sued in their individual capacity.

**ANSWER:** Officer Chambliss lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 8. All allegations not specifically admitted are denied.

9. At all times herein mentioned, Cook County Investigator H. Lee, Star No. 139 ("Lee") was employed by the Cook County Sheriff's Department, and was acting under color of state law and as the employee, agent, or representative of the Cook County Sheriff's Department. This Defendant is being sued in their individual capacity.

**ANSWER:** Officer Chambliss lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 9. All allegations not specifically admitted are denied.

10. At all times herein mentioned, Cook County Investigator V. Norton, Star No. 297 ("Norton") was employed by the Cook County Sheriff's Department, and was acting under color of state law and as the employee, agent, or representative of the Cook County Sheriff's Department. This Defendant is being sued in their individual capacity.

**ANSWER:** Officer Chambliss lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 10. All allegations not specifically admitted are denied.

11. At all times herein mentioned, Cook County Investigator T. Meehan, Star No. 536 ("Meehan") was employed by the Cook County Sheriff's Department, and was acting under color of state law and as the employee, agent, or representative of the Cook County Sheriff's Department. This Defendant is being sued in their individual capacity.

**ANSWER:** Officer Chambliss lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 11. All allegations not specifically admitted are denied.

12. At all times herein mentioned, Cook County Investigator Director R. O'Neil, Star No. 100 ("O'Neil") was employed by the Cook County Sheriff's Department, and was acting under color of state law and as the employee, agent, or representative of the Cook County Sheriff's Department. This Defendant is being sued in their individual capacity.

**ANSWER:** Officer Chambliss lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 12. All allegations not specifically admitted are denied.

13. At all times herein mentioned, the Village of Crestwood was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the Village of Crestwood maintained, managed, and/or operated the Village of Crestwood Police Department.

**ANSWER:** Officer Chambliss admits the allegations contained in Paragraph 13 of Plaintiff's Amended Complaint.

## FACTUAL ALLEGATIONS

14. On or about July 26, 2014 Plaintiff was lawfully in a public place located at or near 77 West 159th Place in Harvey, Illinois, Cook County.

**ANSWER:** Officer Chambliss denies the allegations contained in Paragraph 14 of Plaintiff's Amended Complaint.

15. The individual defendants drove to where Plaintiff was located and without any legal cause forced Plaintiff out of his vehicle at gun point, handcuffed Plaintiff and shackled his feet. They then forced Plaintiff into a police vehicle. Plaintiff did not consent to being seized.

**ANSWER:** Officer Chambliss denies the allegations contained in Paragraph 15 of Plaintiff's Amended Complaint.

16. There was no outstanding arrest warrant for Plaintiff.

**ANSWER:** Officer Chambliss lacks sufficient knowledge to admit or deny the allegation contained in Paragraph 16. All allegations not specifically admitted are denied.

17. There was no legal cause to seize Plaintiff:

**ANSWER:** Officer Chambliss denies the allegations contained in Paragraph 17 of Plaintiff's Amended Complaint.

18. Plaintiff was thereby transported to the Village of Crestwood Police Department where he was imprisoned.

**ANSWER:** Officer Chambliss lacks sufficient knowledge to admit or deny the allegation contained in Paragraph 18. All allegations not specifically admitted are denied.

19. Plaintiff was released on July 27, 2014 following a day of imprisonment subsequent to his seizure.

**ANSWER:** Officer Chambliss lacks sufficient knowledge to admit or deny the allegation contained in Paragraph 19. All allegations not specifically admitted are denied.

20. Plaintiff was released without any charges, criminal or otherwise, filed against him.

**ANSWER:** Officer Chambliss lacks sufficient knowledge to admit or deny the allegation contained in Paragraph 20. All allegations not specifically admitted are denied.

21. By reason of the above-described acts and omissions of Defendants, Plaintiff sustained injuries, including but not limited to, humiliation and indignities, and suffered great mental and emotional pain and suffering all to his damage in an amount to be ascertained.

**ANSWER:** Officer Chambliss denies the allegations contained in Paragraph 21 of Plaintiff's Amended Complaint.

22. The aforementioned acts of defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

**ANSWER:** Officer Chambliss denies the allegations contained in Paragraph 22 of Plaintiff's Amended Complaint.

23. By reason of the above-described acts and omissions of Defendants, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section l988, the Equal Access to Justice Act or any other provision set by law.

**ANSWER:** Officer Chambliss lacks sufficient knowledge to admit or deny the allegation contained in Paragraph 23. All allegations not specifically admitted are denied.

## COUNT I

**Plaintiff Against Chambliss and All Unknown Officers for
UNREASONABLE DETENTION and FALSE ARREST**

24. Plaintiff hereby incorporates and re-alleges paragraphs one (1) through twenty-three (23) hereat (sic) as though fully set forth at this place.

**ANSWER:** Officer Chambliss restates his answers to paragraphs one (1) through twenty-three (23) as his answer to Paragraph 24.

25. By reason of the conduct of Chambliss and all unknown officers Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and/or Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.

**ANSWER:** Officer Chambliss denies the allegations contained in Paragraph 25 of Plaintiff's Amended Complaint.

26. The arbitrary intrusion by Defendants, into the security and privacy of Plaintiffs person was in violation of Plaintiffs Constitutional Rights and not authorized by law. The Defendants violated the Plaintiff's rights in the following manner: the seizure and detention of Plaintiff was without any legal cause. The foregoing was unnecessary, unreasonable and excessive, and was therefore in violation of Plaintiffs rights. Therefore, the Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

**ANSWER:** Officer Chambliss denies the allegations contained in Paragraph 26 of Plaintiff's Amended Complaint.

## COUNT II

**Plaintiff Against Unknown Officers of Crestwood and the Village of Crestwood For The Supplemental Claim Of FALSE IMPRISONMENT**

27. Plaintiff hereby incorporates and re-alleges paragraphs one (1) through twenty-six (26) hereat (sic) as though fully alleged at this place.

**ANSWER:** This allegation is not directed at Officer Chambliss; therefore no answer from Officer Chambliss is required.

28. The Unknown Officers and Village of Crestwood committed the tort of False Imprisonment when they refused to release Plaintiff from custody and when they refused to release Plaintiff from the Crestwood Police Department without any legal cause for this refusal.

**ANSWER:** This allegation is not directed at Officer Chambliss; therefore no answer from Officer Chambliss is required.

29. The Village of Crestwood is liable to Plaintiff for the acts of the Unknown Officers pursuant to the doctrine of respondent superior.

**ANSWER:** This allegation is not directed at Officer Chambliss; therefore no answer from Officer Chambliss is required.

30. As a result of these acts and/or omissions Plaintiff was damaged, and the Unknown Officers, and the Village of Crestwood are liable under the supplemental state law claim of False Imprisonment.

**ANSWER:** This allegation is not directed at Officer Chambliss; therefore no answer from Officer Chambliss is required.

                                                Respectfully Submitted,
                                                OFFICER DERRICK CHAMBLISS

                            BY:    *K. Austin Zimmer*_____
                                            One of his attorneys

K. Austin Zimmer
DEL GALDO LAW GROUP, LLC
1441 S. Harlem Ave.
Berwyn, IL  60402
(708)222-7000
zimmer@dlglawgroup.com

## OFFICER CHAMBLISS' AFFIRMATIVE DEFENSES

The following affirmative defenses are hereby asserted by Officer Chambliss:

1.  At all relevant times, Officer Chambliss acted as a police officer for the Village of Hazel Crest and was entitled to qualified immunity for his actions, as he was not acting in his individual capacity.

2.  Probable cause existed for the arrest of Plaintiff. Accordingly, Plaintiff's claims against Officer Chambliss should be barred.

3.  Officer Chambliss did not arrest Plaintiff. Accordingly, Plaintiff's claims against Officer Chambliss should be barred.

<br>

Respectfully Submitted,
OFFICER DERRICK CHAMBLISS

BY: *K. Austin Zimmer*_____
One of his attorneys

K. Austin Zimmer
DEL GALDO LAW GROUP, LLC
1441 S. Harlem Ave.
Berwyn, IL 60402
(708)222-7000
zimmer@dlglawgroup.com